IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent/Plaintiff, | ) | |
| vs. | ) | No. 3:03-CR-0291-K (03) |
| | ) | No. 3:04-CV-1756-K (BH) |
| THELMA EDITH FUENTES, | ) | ECF |
| ID # 30921-177, | ) | Referred to U.S. Magistrate Judge |
| Movant/Defendant. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

### A.  Nature of the Case

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America (government).

### B.  Procedural History

On August 20, 2003, a grand jury indicted movant for health care fraud (Counts 9 and 10) and conspiracy to commit health care fraud (Count 1). On October 23, 2003, she pled guilty to Count 1. She signed a plea agreement which provides, in relevant part, that (1) the charged offense carries a statutory maximum sentence of five years imprisonment; (2) the Court will impose her sentence pursuant to the United States Sentencing Guidelines and she understands that "no one can predict with certainty what guideline range will apply in this case until after a presentence

investigation has been completed and the Court has ruled on the results of that investigation"; (3) she "understands that this plea agreement" creates no "right to be sentenced within, or below, any particular guideline range, and fully understands that determination of the guideline range, as well as the actual sentence imposed (so long as it is within the statutory maximum), are solely in the discretion of the Court"; (4) the plea "is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement"; and (5) the plea agreement constitutes the entire agreement between the parties "and may not be modified unless the modification is in writing and signed by all parties." In the plea agreement, furthermore, movant waives her rights to appeal her conviction and sentence and to contest her conviction and sentence in any collateral proceeding. However, she specifically "reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an upward departure from the guideline range deemed applicable by the district court, or (iii) an arithmetic error at sentencing, and (b) a claim of ineffective assistance of counsel under 28 U.S.C. § 2255."

On January 29, 2004, the Court held a sentencing hearing, and on January 30, 2004, it entered judgment upon movant's guilty plea and sentenced her to thirty-two months imprisonment. Movant filed no appeal.

In August 2004, movant filed the instant motion to vacate wherein she claims that (1) she received ineffective assistance of counsel because her attorney did not pursue all facts "which a trier of court would have pursued"; (2) "there was more hearsay evidence presented than tangible evidence"; (3) she was not accorded an opportunity to speak; and (4) the fact that her behavior was aberrant should outweigh the circumstances.

2

In its response to the motion, the government argues that, by the express terms of the plea agreement, movant waived all claims except for the ineffective assistance claim (Claim 1), and that has not shown ineffective assistance. Alternatively, it argues that Claims 2 through 4 are procedurally barred because movant did not raise them on appeal, and that Claims 2 and 3 are not cognizable on collateral review.

## II.  WAIVER BASED UPON PLEA AGREEMENT

In this instance, movant expressly waived her right to collaterally attack her conviction and sentence except on grounds of ineffective assistance of counsel. Movant does not challenge the voluntariness of her guilty plea or the waiver of her right to appeal or otherwise challenge her sentence in this action. Thus, by her voluntary and knowing guilty plea, movant waived her right to collaterally attack her conviction or sentence in a motion to vacate except for Claim 1. Movant's informed and voluntary waiver of post-conviction relief is effective to bar relief on Claims 2, 3, and 4 of the instant motion.

## III.  INEFFECTIVE ASSISTANCE OF COUNSEL

In Claim 1, movant contends that her attorney rendered ineffective assistance by not pursuing all "facts in which a trier of court would have pursued."

To successfully state a claim of ineffective assistance of counsel, the prisoner must generally demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges she was denied effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). "[I]n a guilty plea scenario, a [prisoner]

must prove not only that h[er] attorney actually erred, but also that [s]he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

To establish prejudice under the second prong of *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the case of ineffective assistance at sentencing, prejudice is established if the movant demonstrates that her sentence was increased by the deficient performance of her attorney. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001). In other words, the movant must show that counsel's deficiencies created a reasonable probability that her sentence would have been less harsh. *See id.* at 200.

Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96. Moreover, movants must "affirmatively prove prejudice." *Id.* at 693. In other words, movants must present "strong proof of prejudice." *Johnson v. Cockrell*, 301 F.3d 234, 239 (5th Cir. 2002). Mere speculation and conjecture do not suffice. *Bradford v. Whitley*, 953 F.2d

1008, 1012 (5th Cir. 1992). Conclusory allegations are also insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Movant has identified no specific deficiency of counsel. She does not challenge the voluntariness of her plea or suggest that the claimed ineffective assistance of counsel affected her decision to plead guilty. She does not allege that her sentence would have been less harsh but for the alleged, vague deficiency of counsel. For these reasons, the claim of ineffective assistance of counsel entitles movant to no relief under 28 U.S.C. § 2255.

## IV.  EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

SIGNED this 26th day of June, 2007.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE